OPINION OF THE COURT — by the
Hon. ISAAC R. NICHOLSON'.
This was an action of detinue, brought by Michael B. Wells, the appellant, to recover of the defendant two negro boys, Cage and Adam. A verdict and judgment passed in the court below for the appellee'; from which the appellant came to this court.
The first point raised by the bill of exceptions, was the rejection, by the court, of certain words in the deposition of William Cammack, a witness iñ ’the case. The witness stated, among other things, that “so far as he knew or understood, they, (viz., the negroes,) were the property of the plaintiff;” and further, that he never understood from her, (meaning plaintiff’s moth-ier,) or any other person, that she was the owner of said slaves and has been heard to say that she did not own them.”
As to the first part of this exception, taken by the plaintiff’s counsel, I Consider it of but littlé consequence either way: it might have gone to the jury for whatii was worth; or it might have been properly rejected as immaterial, vague and uncertain, and entitled to no weight with thé jury.— Witness says': “so far as he knew, or understood, the negroes were thé property ofthe plaintiff.” This proves no fact, negatively or affirmative^ ly, and was wholly immaterial, and, I think, properly rejected by thé court.
The other member óf the objection is; that “witness never understood *354 from-her, (meaning plaintiff’s mother,) or any other person, that she wag the owner of said slaves; and has heard her say that she did not dWn them.”
There is, perhaps, no rule more universally established, and firmly settled by all the writers on evidence, than that hearsay evidence must be excluded from the jury. The reason is, that it is too vague and unsubstantial to afford any reasonable presumption as to the recited fact. It affords loo great a latitude for deception, mistake, or misapprehension; and, withal, it is not given under the solemn obligation of an oath. I am, therefore, clearly ofopinion that the court below did right, in rejecting this hearsay evidence.
The next exception, by the plaintiff’s counsel, was taken to the transcript of a record from the sixth judicial district of the state of Louisiana; which exhibited the trial of a suit between one Pleasant H. Hunter, (under whom the defendant claims,) and Mary G. Wells, the mother of the plaintiff; which record showed a judgment against the said Mary G. Wells, and an execution which was levied on the two said slaves, Cage and Adam, and sold by the sheriff to the said Pleasant H. Hunter.
The defendant then offered in evidence the transcript of another record from Louisiana, showing the consummation of a law suit, between the present plaintiff, Michael B. Wells, and the aforesaid Pleasent H. Hunter, in which the said Michael had claimed two other slaves, levied on at the same time, and by virtue of the same execution, under which the said ne-groes, Cage and Adam, were sold'; to the introduction of which record, “the plaintiff, by his counsel, objected.
The defendant then offered the copy of a mortgage, from Mary G. Wells, (the plaintiff’s mother,) to the said Pleasant H. Hunter, of several negro slaves, and, amongst others, were the said Cage and Adam, to indemnify the said Hunter &c. To the admission of this record, the plaintiff, by his counsel, also objected: but the court overruled the objections, and allowed the.whole of said records to go to the jury.
Although these records were not directly between the present plaintiff and defendant, yet they were a part of the res gesté, out of which the present action had grown. They were circumstances from which the jury might properly deduce facts; and the court very properly permitted them- *355 to goto the jury. The defendant also offered toread the deposition of Stephen E. Cuney; to a part of which, to wit: “that he, witness, first saw said negroes, Cage and Adam, in her possession, (meaning the said Mary G. Wells,) and they were claimed by her as her propertyto the admission of which words the plaintiff objected: but the court overruled his objection, and permitted this declaration of the said Mary G. Wells, to go to the jury.
Whenever the declaration is, in itself, a fact, and is a part of the res ges-tee., the objection to hearsay evidence ceases. 1 Starkie Ev., 47. If the declaration has no tendency to illustrate the question, except as a mere ah ■ stract statement, detached from any particular fact in dispute, it is not admissible in evidence; but if, on the contrary, any importance can be attached to it as a circumstance which is part of the transaction itself, and deriving a degree of credit from its connection with the circumstances, independently of any credit to be attached to the speaker, then the declaration is admissible in evidence.
Hence the cotemporary declaration of a party who does the act, is evidence to explain it. The declaration of the said Mary Wells, that she owned the slaves, Cage and Adam, connected with the fact of her having morgaged them to the said Hunter, were circumstances from which the jury might arrive at particular facts. I am, therefore, ■ clearly of opinion that the court below did right,, in permitting those words to go to the iury-.
In relation to. the remaining point, in this cause, viz., whether it was competent forthe plaintiff to give in evidence,, as rebutting testimony, the statements made by Mrs.. Mary G. Wells, at other times, and toother persons, as to her claim to the slaves in question, I consider that they still have the character of hearsay evidence, and were inadmissible. She had made her solemn deed, as the real owner of the slaves, when she conveyed them to Hunter, and it would have been violating the rules of evidence to have admitted her verbal statements, made to third persons, in direct opposition to her deed.
I am, therefore; of opinion that the court below decided correctly on all the points raised in this cause, and that the judgment must be affirmed.
Child concurred, and Black dissented.